# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**LaSHANNA SEXTON,**

    **Plaintiff,**

v.                                                                                                                       No. 21-cv-0868 SCY/SMV

**DREAM STREET L.L.C., DAVID STREUBEL,
WILLIAM ZANZUCCHI,
TIMOTHY ZANZUCCHI,
FRANK ZANZUCCHI, and
JAMES ZANZUCCHI,**

    **Defendants.**[1]

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court sua sponte. This case has been pending for more than 15 months. Three orders to show cause have been issued. [Docs. 4, 8, 12]. Nevertheless, the case remains stalled. Although Plaintiff has timely responded to the Court's orders to show cause, she has failed to prosecute her claims. More than 90 days have passed since Plaintiff last took any action on the record in this case.[2] Rather than issuing a fourth order to show cause, I recommend that her claims be dismissed without prejudice for lack of prosecution. *See* D.N.M.LR-Civ. 41.1 ("A civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward.").

---

[1] Plaintiff dismissed her claims against Defendant Streubel on April 13, 2022. [Doc. 9].

[2] On September 2, 2022, Plaintiff attempted to file returns of service. [Docs. 20, 21, 22, 23, and 24]. However, she failed to follow this district's procedures for filing the returns, and the Clerk's deputy marked each on "filed in error." Although the Clerk's deputy emailed counsel on September 6, 2022, regarding her error, she has failed to correctly re-file the returns.

On September 3, 2021, Plaintiff filed her original Complaint against Defendants Dream Street L.L.C. and David Streubel for violation of the Fair Labor Standards Act. [Doc. 1]. That same day, summonses were issued for each Defendant. Between September 3, 2021, and January 4, 2022, Plaintiff took no action on the record. Thus, the Court issued the first Order to Show Cause on January 4, 2022. [Doc. 4]. Plaintiff was ordered to effect service of process, show cause why Defendants had not been served, or otherwise show cause why this case should not be dismissed for want of prosecution. *Id.* On January 13, 2022, Plaintiff filed a Proof of Service indicating that Defendant Dream Street, L.L.C., had been served on January 10, 2022.[3] [Doc. 7].

Despite the Court's having issued an order to show cause in January, Plaintiff allowed another 90 days to pass without taking any action on the record to move the case forward. On March 14, 2022, the Court issued a second Order to Show Cause. [Doc. 8]. Plaintiff timely responded, explaining that she had been unable to serve Defendant Streubel, [Doc. 10], and she voluntarily dismissed her claims against him, [Doc. 9].

Plaintiff allowed a third more-than-90-day period to elapse without taking any action on the record. The Court issued its third Order to Show Cause on July 15, 2022. [Doc. 12]. Plaintiff filed a First Amended Complaint on July 28, 2022, adding several new Defendants.[4] [Doc. 13]. Also on July 28, 2022, Plaintiff requested that the Clerk enter default as to Defendant Dream Street. [Doc. 16]. The Clerk entered default against Defendant Dream Street on August 1, 2022. [Doc. 19]. Summonses were issued as to the new Defendants on August 8, 2022, and it appears

---

[3] Plaintiff had attempted to file the Proof of Service on January 11, 2022, [Doc. 6], but she failed to follow this district's procedures for filing Proofs of Service, and the Clerk's deputy marked it "filed in error." The Clerk's deputy then emailed counsel on January 12, 2022, outlining the proper procedure.
[4] It appears that Plaintiff intended to add Defendants 6001, Inc.; Frank Zanzucchi; William Zanzucchi; James Zanzucchi; and Timothy Zanzucchi, but it is unclear. *Id.* at ¶ 1. On the one hand, these new Defendants are named in paragraph one, but on the other hand, their names do not appear in the caption. *Id.*

that Plaintiff may have attempted to serve them in August.[5]  Regardless, no Defendant has appeared.  No motion for default judgment has been filed.  No motion to stay has been filed.  No notice of settlement has been filed.  Plaintiff fails to prosecute her claims.  Again, the case is at a standstill.  Plaintiff has allowed yet another more-than-90-day period to elapse without taking any action on the record to move the case forward.  Although a fourth order to show cause may trigger a minimal response, the Court's orders have not been successful in spurring Plaintiff to prosecute her claims.  Dismissal without prejudice is appropriate.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that this action be dismissed without prejudice for failure to prosecute under D.N.M.LR-Civ. 41.1.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.** *See* **D.N.M.LR-Civ. 10.1. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[5] On September 2, 2022, Plaintiff attempted to file Proofs of Service for the new Defendants.  [Docs. 20, 21, 22, 23, and 24].  However, she failed to follow this district's procedures for filing proofs of service, and the Clerk's deputy marked each on "filed in error."  Although the Clerk's deputy emailed counsel on September 6, 2022, advising her of her error and outlining the proper procedure, Plaintiff has failed to correctly re-file the proofs of service.