**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

LASHANNA SEXTON,

      Plaintiff,

v.                                    No. 1:21-cv-00868-MIS-KRS

DREAM STREET, L.L.C., *et al.*

      Defendants.

## <u>ORDER TO SHOW CAUSE</u>

THIS MATTER is before the court *sua sponte*, regarding the Clerk's Entry of Default as to Defendant Dream Street, L.L.C., entered on August 1, 2022. ECF No. 19. The Court has also reviewed the First Amended Complaint, Plaintiff's Request for Entry of Default, and the Clerk's Entry of Default. ECF Nos. 13, 16, 19. The Court hereby notifies Plaintiff that, absent a showing of good cause made no later than **Friday, February 10, 2023**, the Court intends to set aside the Clerk's Entry of Default as to Defendant Dream Street, L.L.C., pursuant to Federal Rule of Civil Procedure 55(c), as well as quash the Summons issued as to Defendant Dream Street, L.L.C.

The record reflects the following:

1.  On September 3, 2021, Plaintiff filed her Original Complaint, naming Dream Street, L.L.C. d/b/a TD's Gold Eubank ("Dream Street") and David A. Streubel as defendants. ECF No. 1 at 1.

2.  In the Original Complaint (as well as the First Amended Complaint), Plaintiff listed Defendants' "principal place of business" as **2120 Eubank Blvd., Albuquerque, NM 87112**. ECF No. 1 at 2; ECF No. 13 at 2.

3.  In both pleading documents, Plaintiff also stated,

> DREAM STREET, L.L.C. D/B/A TD'S GOLD EUBANK (Defendant TD'S GOLD) is a New Mexico Corporation with its principal place of business at **2120 Eubank Blvd, Albuquerque, New Mexico 87112**. At all times mentioned herein, was an "employer" or "joint employer" as defined by the FLSA, 29 U.S.C. § 203(d) and (g). DREAM STREET, L.L.C. may be served via its agent for service of process, Johanna C. Box, **4801 Lang Avenue, NE, Suite 110, Albuquerque, New Mexico 87109**.

ECF No. 1 at 3; ECF No. 13 at 3 (emphasis added). The pleading documents do not reflect any other business addresses for Defendant Dream Street.

4.  On January 5, 2022, the Clerk issued the Summons at issue, as to Defendant Dream Street.[1]

5.  On January 13, 2022, Plaintiff filed a Return of Summons, stating that "Johanna Cox, who is designated by law to accept service of process on behalf of DREAM STREET, L.L.C. D/B/A TD'S GOLD EUBANK" was served with the Summons on January 10, 2022 at the "service address" of **651 Hwy 314 Sw, Los Lunas, NM 87031**.[2] ECF No. 7 at 2. (This name is similar to, but not the same as, the registered agent, whose name is listed

---

[1] The original Summons was issued on September 3, 2021; however, the original Return of Summons was not filed in a form acceptable to the Court, and the Summons was reissued on January 5, 2022. The reissued summons is the summons at issue in this Order.

[2] A corporation, partnership, or unincorporated association that is subject to suit under a common name may be served in a judicial district of the United States "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Service may also be made by following state law for service of process in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1), (h)(1)(A).

as "Johanna C. Box," and the service address is not the same as the address listed as the registered agent's address in the pleading documents. ECF No. 1 at 3; ECF No. 13 at 3.)

6. Defendant Dream Street did not appear in this matter following service of the Summons on Johanna Cox at the address listed above.[3]

7. Plaintiff filed her First Amended Complaint on July 28, 2022, again naming Dream Street, dropping Defendant David Streubel, and adding several other defendants, including 6001, Inc. d/b/a TD's North Showclub ("6001, Inc."). ECF No. 13. Although the claims against Defendant Dream Street were largely the same, Plaintiff's First Amended Complaint alleged a revised collective action class that includes both entities in the same collective action claims. *See* ECF No. 13 at 17–18.

8. Regarding the First Amended Complaint, no certificate of service was filed, and the Court's Notice of Electronic Filing does not reflect that Defendant Dream Street was ever served with the First Amended Complaint. *See* Ex. 1 (Notice of Electronic Filing of Amended Complaint).[4]

9. On July 28, 2022, Plaintiff filed a Request for Entry of Default under Federal Rule of Civil Procedure 55(a). ECF No. 16.[5]

---

[3] The only party alleged to be affiliated with Dream Street, namely Defendant David Streubel, was never served, and Plaintiff voluntarily dismissed Mr. Streubel as a party on April 13, 2022. ECF No. 9.

[4] Fed. R. Civ. P. 5(a)(1)(B) requires that an amended complaint be served on every party. D.N.M. LR-Civ. 7.1(b) requires a certificate of service of any motion, response, or reply filed with the Court. However, Fed. R. Civ. P. 5(d)(1)(B) does not require a certificate of service when a paper is filed electronically. To eliminate any ongoing ambiguity in this case, the Court will order the parties to file a certificate of service for every future filing made with the Court in this case.

[5] The Request for Entry of Default referenced only the Original Complaint. ECF No. 16 at 1 n.2. The Request did not mention any attempt to serve the First Amended Complaint.

10. On August 1, 2022, the Clerk of the Court entered the default of Defendant Dream Street.[6] ECF No. 19.

Based on the above facts, the Court has concerns that proper service was not completed on Defendant Dream Street. This includes, but is not limited to, the following: (1) the name and address of the person served do not match the information listed for the registered agent in the pleading documents; (2) there is no proof that Dream Street was served with the First Amended Complaint; and (3) Dream Street has not entered an appearance in this matter. In light of the above facts, the Court preliminarily finds good cause to set aside the entry of default, based on defective service. *See Hunt v. Ford Motor Co.*, 65 F.3d 178 (unpublished table decision); *Miller v. State of New Mexico*, No. 14-00020 LH/LAM, 2016 WL 10720984, at *1–2 (D.N.M. Feb. 24, 2016).

**IT IS THEREFORE ORDERED** that, no later than **Friday, February 10, 2023**, Plaintiff shall file a memorandum of points and authorities, of no more than **five (5) pages**, showing cause as to why the Court should not set aside the Clerk's Entry of Default as to Defendant Dream Street, L.L.C., ECF No. 19, pursuant to Fed. R. Civ. P. 55(c). Any other party may file a response, of no more than **five (5) pages**, no later than **Friday, February 17, 2023**. No reply will be permitted, absent a separate showing of good cause.

**IT IS FURTHER ORDERED that for all future filings made in this case, notwithstanding Rule 5(d)(1)(B), each party filing a document with the Court shall include a certificate of service** on the last page of the document being filed. The certificate of service must include, at a minimum, the name of the party served, the method of service (e.g., email, first class mail, priority mail, etc.), the location of service

---

[6] As of the date of filing of this Order, Plaintiff has not filed a motion for default judgment.

(including the specific email address or mailing address to which the document was sent), the date, and the signature of the filing attorney. Failure to follow the above procedure in this case in the future may result in the summary striking of the document without further notice.

Finally, **THE PARTIES ARE HEREBY NOTIFIED** that, if proper service has not been completed on Defendant Dream Street, the Court may dismiss the claims made against Defendant Dream Street, L.L.C. without further notice, or the Court may order that service be made within a specified time, for failure to serve this defendant within the time period set forth under Fed. R. Civ. P. 4(m).

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE